**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conlon Group Arizona, LLC; Phillip Boshaw,<br><br>            Plaintiffs,<br><br>vs.<br><br>CNL Resort Biltmore Real Estate, Inc.; KSL Biltmore Resort, Inc.,<br><br>            Defendants. | No. CV-08-0965-PHX-FJM<br><br>**ORDER** |

The court has before it Conlon's motion for leave to amend (doc. 23), defendants' response (doc. 35), and Conlon's reply (doc. 42). We also have before us Conlon's motion for permission to file another motion for leave to amend (doc. 32) and its proposed second motion to amend (doc. 33), defendants' response to both motions (doc. 44), Conlon's reply (doc. 50), and defendants' supplemental response (doc. 70). We also have before us defendants' motion to consolidate Conlon's motions for leave to amend and to expedite oral argument on the motions for leave to amend (doc. 43).

In its first motion for leave to amend (doc. 23), Conlon seeks to assert a claim for breach of the implied covenant of good faith and fair dealing. It also seeks to remove the name of a plaintiff who has recently assigned his claims to Conlon. Defendants do not

1 oppose these amendments, and therefore Conlon's first motion to amend is granted to this
2 extent.

3 Conlon also seeks to join as defendants the former and current owners of the Arizona
4 Biltmore Hotel and Spa ("Hotel")—Grossman Company Properties, Inc. ("Grossman"), Boca
5 Resorts ("Boca"), and Morgan Stanley. Defendants oppose the joinder because the presence
6 of Grossman and Boca is unnecessary, the joinder of Grossman would defeat diversity
7 jurisdiction, and Morgan Stanley has never owned the Hotel.

8 It is undisputed that Grossman owned the Hotel from 1992 to 1999, and that Boca
9 purchased the property in 1999, and sold it in 2000 to defendant KSL Biltmore Resort, Inc.
10 Through various mergers and/or name changes, defendants contend that the current owner
11 of the Hotel is MSR Biltmore Resort, LP, not Morgan Stanley. It also appears to be
12 undisputed that each of the Hotel owners was either a party to or an assignee of the rental
13 pool agreements.

14 Defendants acknowledge that, in the event it proves its case, Conlon can obtain
15 complete relief for all claims from the current defendants. Response at 3, 5. Therefore, none
16 of the proposed additional defendants is a necessary party under Rule 19(a), Fed. R. Civ. P.
17 Joinder of additional defendants at this stage of the litigation will likely disrupt the firm
18 deadlines set by our Rule 16 scheduling order (doc. 11). We are unwilling to permit such a
19 disruption, particularly where full relief is already available. Conlon waited seven months
20 after the case was filed and four months after it was removed to seek to add new defendants.
21 There is no allegation that this belated request was based on newly discovered evidence, or
22 that the delay was otherwise excusable. If Conlon in fact has separate claims against these
23 other defendants, it can assert them in a separate action. Conlon's motion to join additional
24 defendants is denied.

25 Conlon also filed a "motion for permission to file another motion for leave to amend
26 the complaint" (doc. 32). We grant the motion (doc. 32) in order to consider the second
27 motion for leave to amend on its merits.

28

1  In its second motion for leave to amend (doc. 33), Conlon seeks to assert claims of intentional interference with contract, aiding and abetting tortious conduct, and punitive damages against four additional defendants—Hilton Hotels Corporation, Andrew Stegen, general manager of the Hotel, and defendants' lawyer Andrew Federhar and his law firm Fennemore Craig, P.C.

In September 2008, the Villa owner assigned their claims to Conlon. Conlon contends that Andrew Stegen, with the knowledge of defense counsel, intentionally interfered with these assignment contracts by sending these Villa owners refund checks after an audit revealed errors in the calculation of charges for travel agency expenses, credit card fees, and employee compensated rooms under the rental pool agreements. Defendants oppose the amendment, contending that it fails to state a claim and therefore it would be futile.

To prove interference with contractual relations, Conlon must prove the existence of a valid contractual relationship, that defendants knew of the relationship, intentionally and improperly interfered with that relationship, thereby causing a breach or termination of the relationship, resulting in damage to Conlon. Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 386-87, 710 P.2d 1025, 1041-42 (1985).

Defendants argue that they have an ongoing obligation under the terms of the rental pool agreements to make quarterly distribution payments to each participating Villa owner, including the obligation to correct errors in prior distribution payments. They assert that Stegen paid *all* the Villa owners participating in the rental pool, not just those involved in this lawsuit; that the refund payment was not contingent on the Villa owners signing a release of claims; and that defendants advised Villa owners to consider transferring their refund to Conlon.

Based on these undisputed facts, we conclude that any "interference" by defendants with Conlon's assignment agreements was justified by its ongoing contractual obligation with the Villa owners and was not improper. Moreover, Conlon has failed to allege how the refund payments resulted in any breach or termination of the contractual relationship by Villa owners, or how Conlon was damaged thereby. Because Conlon has failed to present a prima

1 facie case of intentional interference with business relationship, its concomitant claims of
2 aiding and abetting and punitive damages fail as well.  We deny Conlon's second motion to
3 amend the complaint as futile (doc. 33).

4       **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Conlon's
5 first motion for leave to amend (doc. 23).  The motion is granted to the extent that it seeks
6 to add an additional claim of breach of the implied covenant of good faith and fair dealing,
7 and to remove a party from the caption.  The motion is denied to the extent that it seeks to
8 add Grossman, Boca, and Morgan Stanley as defendants.

9       **IT IS FURTHER ORDERED GRANTING** Conlon's motion for permission to file
10 a second motion for leave to amend (doc. 32), and **DENYING** Conlon's second motion for
11 leave to amend (doc. 33).

12       **IT IS FURTHER ORDERED DENYING** the motion for an expedited oral argument
13 on the motions for leave to amend (doc. 43).

14       The clerk is directed to change the caption to terminate Phillip Boshaw as a plaintiff.

15       DATED this 30th day of January, 2009.

                    */s/ Frederick J. Martone*
                    Frederick J. Martone
                    United States District Judge