**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Conlon Group Arizona, LLC, | ) | No. CV-08-0965-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| CNL Resort Biltmore Real Estate, Inc.; KSL Biltmore Resort, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

We now have before us defendants' (the "Hotel") Daubert motion to exclude the report and testimony of expert Robert Keon (doc. 129), Conlon's response (doc. 142), and the Hotel's reply (doc. 146); the Hotel's Daubert motion to exclude the report and testimony of expert Renee Jenkins (doc. 130), Conlon's response (doc. 143), and the Hotel's reply (doc. 147). We also have before us the Hotel's motion for summary judgment (doc. 132), Conlon's response (doc. 149), and the Hotel's reply (doc. 150).

**I. Background**

This case involves a dispute over rental pool agreements between the Hotel and dozens of villa owners. Under the agreements, the Hotel offers the villa units as rental accommodations in addition to rooms in the Hotel. The Hotel receives a percentage of the villa rental revenue after deducting certain expenses, including credit card and travel agent

fees. The balance of the revenue is then distributed equally among the rental pool participants.

Conlon Group Arizona, LLC ("Conlon") owns six villa units and has been participating in the rental pool since 2003. Concerned that the Hotel was improperly calculating the credit card and travel expense deductions, on June 19, 2006, Conlon, acting in its individual capacity, sued the Hotel for an accounting of the rental pool books and records and sought a judgment for the amount found to be owing under the rental pool agreement. <u>Conlon Group Arizona, LLC v. CNL Resort Biltmore Real Estate, Inc.</u> No. CV-06-2065-PHX-FJM (D. Ariz. 2006) ("<u>Conlon I</u>"). Conlon alleged that the Hotel breached the rental pool agreement by improperly calculating (1) credit card expenses, and (2) travel agent commissions, and by improperly providing complimentary villa units (3) to Hotel employees, and (4) to Hotel guests. Shortly before trial, the parties reached agreement on the first three claims and the trial proceeded on the only remaining issue—whether the Hotel abused its discretion by providing complimentary villa rooms to non-employee guests. Following a bench trial on April 8, 2008, we found in favor of the Hotel.

In early 2007, during the pendency of <u>Conlon I</u>, Conlon's sole owner, Mark Finney, began soliciting other rental pool participants to retain Conlon as their agent to prosecute claims against the Hotel. By mid-2007, twenty-nine rental pool participants had entered into agency agreements with Conlon. In mid-2008, these contracts were converted into assignment agreements. On February 26, 2008, again while <u>Conlon I</u> proceeded, Conlon filed the present action against the Hotel as agent of the other villa owners ("<u>Conlon II</u>"). This second action involves the same claims asserted in <u>Conlon I</u>—the improper calculation of credit card and travel agent expenses, and excessive comping of rooms. The new lawsuit is different from <u>Conlon I</u> in that it includes a new claim that the Hotel's practice of capping villa revenue at 17% breaches the rental pool agreement, and seeks damages for contract breaches dating back to 1995.

## II. Expert Witnesses

Conlon hired Robert Keon to opine as to whether the Hotel's management of the rental pool agreement meets industry standards. Specifically, Keon analyzed: (1) the Hotel's accounting system for the rental pool; (2) the Hotel's calculation of credit card expenses and travel agency commissions; (3) the lack of documentation supporting the Hotel's 17% practice; (4) the Hotel's practice regarding complimentary rooms; (5) the Hotel's group rate practices; and (6) the Hotel's villa rate practices. The Hotel now challenges the reliability of Keon's opinions.

Rule 702, Fed. R. Evid., allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." We perform a "gatekeeping" function in order "to ensure the reliability and relevancy of expert testimony." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999). This gatekeeping obligation applies to both jury and bench trials, although its importance is limited when the judge is the trier of fact and has an ongoing opportunity to evaluate the admissibility and weight of expert testimony.

The Hotel argues that Robert Keon's opinions are unreliable because he lacks basic qualifications to opine regarding industry standards or the Hotel's practices. The Hotel contends that Keon has no formal education in the hospitality industry, no specific experience with rental pools, no experience with the Arizona hospitality market, and he has never served as an expert. Each of these arguments is without merit.

An individual can be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Keon has more than twenty years experience in the hotel industry. He served as a food and beverage manager for several hotels in New York City. He held senior financial positions with the Four Seasons Hotel and was the chief financial officer for a spa and time-share resort. He conducted research for the Trust Hotel Group, which included a study of pooling agreements. Since 2001, he has run his own hotel consulting business. He has worked with hotels in six different states. Response, exhibit A.

He is clearly qualified by virtue of his extensive hotel experience to testify as an expert in this case.

We reject the Hotel's argument that Keon's opinions are unreliable because they are based on his own experience rather than reliable principles or authoritative sources, such as "formal education, treatises, books or other learned documents." Motion re: Keon at 7. Daubert's reliability test "is 'flexible,' and [its] list of specific factors neither necessarily nor exclusively applies to all experts or in every case." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171 (1999). Keon's extensive experience in the hotel industry will undoubtedly assist us in understanding the evidence and renders his opinions sufficiently reliable to be admissible.

The Hotel similarly challenges the opinion testimony and report of expert Renee Jenkins regarding damages Conlon may have suffered as a result of the Hotel's alleged breach of the rental pool agreements. The Hotel contends that Jenkins, a certified public accountant, is not qualified to offer her opinions regarding damages because Jenkins has no specific experience in the hospitality industry, no experience with hotel rental pools, and no experience in the Arizona market.

Jenkins was engaged as an accountant to provide an opinion regarding the calculation of damages. She was not engage to evaluate the Hotel's policies or practices regarding the risk pool agreement. See Jenkins Depo at 11. "Ordinarily, courts impose no requirement that an expert be a specialist in a given field, although there may be a requirement that he or she be of a certain profession, such as a doctor." Doe v. Cutter Biological, Inc., 971 F.2d 375, 385 (9th Cir. 1992). There is little doubt that as a certified public accountant, Jenkins is qualified to render an opinion on damages. Although the Hotel also challenges the "rack rate" methodology Jenkins used to calculate the rental value of the condo villas, the Hotel's challenge goes to the weight given Jenkins' opinion, not its admissibility.

It is clear that both Keon and Jenkins' reports will "logically advance[ ] a material aspect of the [plaintiff's] case," Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1315 (9th Cir. 1995), and "will assist the trier of fact to understand the evidence or to determine

a fact in issue." Fed. R. Evid. 702. The motions to exclude the reports and opinions of Robert Keon and Renee Jenkins are denied (doc. 129, 130).

### III. Motion for Summary Judgment

#### A. Claim Preclusion

The Hotel argues that Conlon's current claims are barred by the doctrine of claim preclusion. When a final judgment is entered on the merits in a prior action involving the same parties or their privies, a second action on matters that were actually decided or could have been decided is barred. Hall v. Lalli, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999). In evaluating the identity of parties, we must consider "the capacity in which [the parties] appear." Matusik v. Ariz. Pub. Serv. Co., 141 Ariz. 1, 3, 684 P.2d 882, 884 (Ct. App. 1984). Where a party appears in one capacity, individually or as a representative, he is not bound in a subsequent action in which he appears in another capacity. Restatement (Second) of Judgments § 36(2) (1982).

Conlon I has no preclusive effect on the present action because there is no identity of the parties. It is undisputed that Conlon brought Conlon I on its own behalf, not in its representative capacity. See id. § 36(1) (a party appears in his individual capacity unless "it is made evident that he appears in some other capacity"). Although Mark Finney began soliciting agency agreements from villa owners while Conlon I was pending, no agency agreement was executed until May 2007, almost a year after Conlon I was filed. Our Rule 16 scheduling order set March 31, 2007 as the deadline to amend the complaint and to join additional parties. Had Conlon sought leave to amend to add the assignor villa owners after this date, its motion would have likely been denied.

The assignor villa owners were not parties to Conlon I and there is no evidence that they consented to be bound by it, as evidenced by the fact that they filed their own action while Conlon I was pending. Due process dictates that these litigants have a right to now be heard. Hall v. Lalli, 194 Ariz. at 57, 977 P.2d at 779.

**B. Statute of Limitations**

The Hotel also argues that Conlon's claims are barred in part by the statute of limitations. Conlon seeks damages for breach of contract and breach of the covenant of good faith and fair dealing dating back to 1995. The statute of limitations for claims based on a written contract is six years. A.R.S. § 12-548. Therefore, the six-year limitations period applies to the breach of contract claim.

The Hotel contends, however, that Conlon's breach of the covenant of good faith and fair dealing claim is actually a claim sounding in tort and therefore the two-year statute of limitations under A.R.S. § 12-542 is appropriate. We disagree. A breach of the covenant of good faith and fair dealing arises in contract, unless "the contract creates a relationship in which the law implies special duties not imposed on other contractual relationships." Rawlings v. Apodaca, 151 Ariz. 149, 158, 726 P.2d 565, 574 (1986). The Hotel's claim that a special relationship exists in the present case is without merit. There is no "noncommercial" component to the parties' relationship arising out of the rental pool agreements. See id. at 159, 726 P.2d at 575. Conlon's claim for breach of the implied covenant of good faith and fair dealing sounds in contract and the six-year statute of limitations applies to this claim as well.

The parties next dispute when the contract causes of action accrued. As a general rule, a contract action accrues and the statute of limitations begins to run when the breach occurred. Gust, Rosenfeld & Henderson v. Prudential Ins. Co., 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995). A limited exception exists, however, "where circumstances prevent [plaintiffs] from knowing they have been harmed." Id. at 589, 989 P.2d at 967. In such a case, the "discovery rule" provides that "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." Id. at 588, 989 P.2d at 966. The relevant inquiry in determining whether to apply the discovery rule is "whether the plaintiff's injury or the conduct causing the injury is difficult for plaintiff to detect." Id. The discovery rule does not apply where a party fails to

"exercise[ ] reasonable diligence in monitoring the performance of another under the contract." Id. at 591, 898 P.2d at 969.

This is not the case where a defendant concealed facts from the plaintiff, or where the plaintiff's injury was undetectable even upon reasonable inquiry. Instead, this is a case where the villa owners had a contractual right to review the Hotel's rental pool books and records, yet no villa owner sought to review those records until Conlon's request in February 2004. This does not demonstrate the exercise of reasonable diligence required for application of the discovery rule.

Conlon commenced this action on behalf of the assignor villa owners on February 26, 2008. Therefore, pursuant to Arizona's six-year statute of limitations, Conlon's breach of contract claim and breach of the covenant of good faith and fair dealing claim are limited to those breaches occurring after February 26, 2002.

## **C. Mitigation of Damages**

On August 29, 2008, the Hotel issued refund checks to all rental pool participants, including the assignor villa owners. The refund payments included credit card and travel agent commission overcharges, revenue for complimentary use of villa rooms by Hotel employees in excess of one week, and accrued interest. The Hotel informed the assignor villa owners that if they had assigned their claims to Conlon, they could transfer their refund to Conlon. Mr. Finney directed the assignor villa owners to return the refund checks to the Hotel. Several of the villa owners nevertheless accepted the refund checks. The Hotel now argues that Conlon's damages should be reduced by the amount of the refund payments.

"[I]t is clear that when notice of an assignment is given to and received by the debtor that the debtor becomes liable to pay the assignee and that its subsequent payment to the original obligee-assignor does not relieve it of that liability." Van Waters & Rogers, Inc. v. Interchange Resources, Inc., 14 Ariz. App. 414, 417, 484 P.2d 26, 29 (Ct. App. 1971). It is undisputed that the Hotel had notice of the assignments at least as early as August 1, 2008, when the parties stipulated to the substitution of Conlon as the sole party plaintiff due to the assignment agreements between the plaintiff villa owners and Conlon (doc. 8). Because the

Hotel had notice of the assignment agreements, its payments to the assignor villa owners does not relieve its liability to Conlon and will not serve to mitigate damages in this case.

### IV. Conclusion

**IT IS ORDERED DENYING** the Hotel's <u>Daubert</u> motion to exclude the report and testimony of expert Robert Keon (doc. 129), and **DENYING** the Hotel's <u>Daubert</u> motion to exclude the report and testimony of expert Renee Jenkins (doc. 130).

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** the Hotel's motion for summary judgment (doc. 132). The Hotel's motion for summary judgment is granted only to the extent it asserts that the statute of limitations bars claims occurring before February 26, 2002.

DATED this 27th day of July, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge