**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| The Conlon Group of Arizona, | ) | No. CV-08-965-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| CNL Biltmore Real Estate, et al, | ) | |
| Defendants. | ) | |

We now have before us Conlon's motion to alter or amend the judgment (doc. 205), Conlon's motion for determination of prejudgment interest (doc. 207), the Hotel's combined response (doc. 213), and Conlon's combined reply (doc. 217).

Conlon, as the assignee of the rights of various villa owners, asserted four breach of contract claims against the Hotel: (1) credit card and travel agent fee overcharges, (2) overuse of villas as complimentary rooms, (3) undercharging for villa units, and (4) limiting the use of the villa units to 17% of the Hotel's total room revenue. Following a three-day bench trial, we issued findings and conclusions under Rule 52(a), Fed. R. Civ. P., finding in favor of Conlon on the issue of credit card and travel agent fee overcharges, and in favor of the Hotel on the remaining three issues (doc. 198).

In its motion to alter or amend the judgment, Conlon argues that the damages award was not based on the evidence adduced at trial. At trial, the Hotel presented testimony

recognizing overcharges in the amount of $388,148.33 related to credit card fees, travel agent commissions, and employee complimentary use of villa units in excess of one week. Tr. 369-70. This amount included prejudgment interest at a rate of 10% per annum. Tr. 370. Conversely, Conlon presented expert testimony that credit card fee rates over 1.5% were improper, resulting in $150,665 in damages, including prejudgment interest. Tr. 174; Trial Exhibit 11.

With respect to travel agent commissions, Conlon's expert testified that she was unable to determine a reasonable industry standard. Therefore, despite the clear language of the Rental Pool Agreement, the expert simply concluded that *all* travel agent commission charges were improper, amounting to $524,907 in damages, including prejudgment interest. Tr. 175; Trial Exhibit 11. Therefore, Conlon claimed that its total damages for credit card and travel agent fees, including prejudgment interest, was $675,572.

We noted in our order that the parties' respective damages calculations were approximately $250,000 apart. We also noted that neither Conlon's nor the Hotel's evidence was sufficiently reliable. In fact, Conlon's evidence with respect to travel agent fees (constituting almost 78% of its claimed fees in this category) was undeniably wrong. Therefore, Conlon failed to satisfy its burden of proving damages with reasonable certainty. Nevertheless, we concluded that, in the absence of any reliable method for calculating damages, and given the Hotel's concession that some overcharge refund was due, we concluded that the appropriate damage award fell between the two claimed amounts. Accordingly, we found that it was more probable than not that $525,000 was the proper damage award for credit card and travel agent fee overcharges, as well as for damages related to the overuse of employee complimentary rooms to the extent this component was incorporated into the Hotel's damages calculation. See Tr. 369. The damages award was reasonably based on the evidence presented by both parties.

Conlon also challenges our conclusion that the Hotel did not abuse its discretion in using villa rooms on a complimentary basis. After consideration of all of the evidence presented at trial, we concluded that the Hotel had broad discretion with regard to its use of

rental pool units on a complimentary basis, and that there was nothing irrational or arbitrary in the Hotel's exercise of that discretion. We also concluded that, because there was no evidence that any villa unit was comped when it could otherwise have generated revenue, the villa owners were not harmed by the exercise of the Hotel's discretion.

The Hotel's calculation of damages included overuse of complimentary employee rooms. Tr. 369. Therefore, to the extent that the Hotel conceded overuse, that element was incorporated into our damages award. Notwithstanding the references to employee or guest complimentary rooms, however, our analysis of the Hotel's exercise of its discretion in using complimentary rooms was based on evidence related to all rooms. We concluded, and now reaffirm, that the Hotel did not abuse its discretion.

Conlon fails to present any evidence or argument that would warrant altering or amending the judgment, and therefore its motion is denied.

Finally, despite the parties' clear inclusion of prejudgment interest in their damages calculations, see Tr. 370 and Trial Exhibit 11, Conlon now asks us to enhance the damages award with prejudgment interest  Although the judgment was silent as to prejudgment interest, it was obvious that both parties' calculations included prejudgment interest. It is disingenuous at best for Conlon to now seek determination of prejudgment interest.[1]

**IT IS ORDERED DENYING** Conlon's motion to alter or amend the judgment (doc. 205). **IT IS FURTHER ORDERED DENYING** Conlon's motion for determination of prejudgment interest (doc. 207).

DATED this 23rd day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] We note that had the Hotel not effectively conceded prejudgment interest, we would have denied Conlon's motion. Given the discrepancies in and unreliability of the damages evidence, Conlon's damages were clearly not liquidated.

- 3 -