**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Conlon Group of Arizona,<br><br>    Plaintiff,<br><br>vs.<br><br>CNL Biltmore Real Estate, et al,<br><br>    Defendants. | No. CV-08-965-PHX-FJM<br><br>**ORDER** |

We now have before us Conlon's motion for attorney's fees (doc. 203) and memorandum in support (doc. 220), the Hotel's response (doc. 222), and Conlon's reply (doc. 224). We also have before us the Hotel's motion for attorney's fees (doc. 200) and memorandum in support (doc. 219), Conlon's response (doc. 223), and the Hotel's reply (doc. 225).

Conlon, as the assignee of the rights of various villa owners, asserted four breach of contract claims against the Hotel: (1) credit card and travel agent fee overcharges, (2) overuse of villas as complimentary rooms, (3) undercharging for villa units, and (4) limiting the use of the villa units to 17% of the Hotel's total room revenue. At trial, Conlon sought damages in the amount of $4,551.962. Conlon's Memorandum at 3. Following a three-day bench trial, we issued findings and conclusions under Rule 52(a), Fed. R. Civ. P. (doc. 198).

We found in favor of Conlon on the issue of credit card and travel agent fees, and in favor of the Hotel on the remaining three breach of contract claims. We entered judgment in favor of Conlon in the amount of $525,000.

Both parties now seek attorney's fees pursuant to A.R.S. § 12-341.01, which authorizes the court to award reasonable attorney's fees to the "successful party" in a contested action arising out of contract, and pursuant to the Rental Pool Agreement, which provides that "[i]n the event of any dispute or litigation relative to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred in such dispute or litigation." Trial Exhibit 26.

In determining prevailing party status, we will consider the "totality of the circumstances and the relative success of the litigants." McAlister v. Citibank, 171 Ariz. 207, 216, 829 P.2d 1253, 1262 (Ct. App. 1992); Schwartz v. Farmers Ins. Co., 166 Ariz. 33, 38, 800 P.2d 20, 25 (Ct. App. 1990). Conlon asserted four separate breach of contract claims. Each claim involved a distinct breach resulting in distinct damages. Conlon succeeded on only one of the four claims. The Hotel succeeded on three. Conlon originally sought $9.6 million in damages. It reduced its claim to $4.5 million when we granted the Hotel's summary judgment motion on statute of limitations grounds. Ultimately, Conlon was awarded $525,000 on one claim only–credit card and travel agent fee overcharges. The Hotel had conceded prior to trial that it owed Conlon $388,000 for this claim. Conlon received a judgment that was only slightly better than what the Hotel had offered. This is hardly a successful result. Conlon was not the prevailing party for purposes of awarding attorney's fees.[1]

Because judgment was entered in favor of Conlon on one claim, however, and based on the totality of the litigation, we conclude that neither party was the "successful" or "prevailing" party under either A.R.S. § 12-341.01 or the Rental Pool Agreement. Therefore,

---

[1] This case is distinguishable from Conlon I, No. CV-06-2065 (D. Ariz. Dec. 3, 2008), where we concluded that Conlon was the prevailing party because it had prevailed on five of six claims presented.

- 2 -

we decline to award either party attorney's fees. See <u>Bank One, Ariz. v. Rouse</u>, 181 Ariz. 36, 41, 887 P.2d 566, 571 (Ct. App. 1994) (affirming denial of fees when the verdict favored one party in part and the other in part, leaving "no clear successful party").

We note that Conlon again seeks reimbursement for travel expenses incurred by its principal, Mark Finney. This is the second case in which Conlon has sought reimbursement of Mr. Finney's expenses without authority to support its claim. Incredibly, however, the claimed costs in this case include over $2,000 in hotel spa charges, plus in-room movies, alcohol, magazines, clothing, eye drops, breath mints, cough drops, hand wipes, lip balm, moisturizer, and sunscreen. Not only does the submission of such charges demonstrate Mr. Finney's abusive and excessive litigation approach, but Conlon's counsel's approval of these insupportable and frivolous expenses raises questions under E.R. 3.1, Rules of Professional Conduct. Conlon has aggressively and at times unreasonably pursued claims against the Hotel for almost 4 years. Conlon should recognize that if it intends to continue this abusive litigation, it will do so at its own expense.

**IT IS ORDERED DENYING** Conlon's motion for attorney's fees (doc. 203).

**IT IS FURTHER ORDERED DENYING** the Hotel's motion for attorney's fees (doc. 200).

DATED this 23rd day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge